1  **HUSCH BLACKWELL LLP**
ANDREW B. KLEINER, SB# 276737
2  E-Mail: Andy.Kleiner@huschblackwell.com
2415 E. Camelback Road, Suite 500
3  Phoenix, AZ 85016
Telephone: 480-824-7890
4  Facsimile: 480-824-7905
*Attorneys VKA Express, Inc.*

5

6

7

8                   UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| 10 Rady Salameh dba Salameh Family Wholesale, | Civil Action No. |
| 11 | State Case No. CIVRS2400665 |
| Plaintiff, | |
| 12 | **NOTICE OF REMOVAL TO** |
| vs. | **FEDERAL COURT** |
| 13 | |
| iFreight Solutions, LLC; and VKA | Trial Date:       None Set |
| 14 Express, Inc.; and DOES 1-50 | |
| 15 Defendants. | |

16

17        TO THE CLERK OF THE COURT:

18        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332 and 1441,

19  Defendant VKA Express, Inc. ("Defendant") removes to this Court the state court

20  action described below on grounds of federal question jurisdiction.

21        **A.    Federal Question Jurisdiction Lies Over This Action**

22        1. On August 23, 2024, Plaintiff Rady Salameh dba Salameh Family Wholesale

23  ("Plaintiff") filed its complaint entitled *Rady Salameh dba Salameh Family Wholesale*

24  *v. iFreight Solutions, LLC; VKA Express, Inc., et al.,* Case No. CIVRS2400665 (the

25  "Action") in the Superior Court of California, San Bernardino County. True and

26  correct copies of the summons and complaint filed in the Action are attached to this

27  notice as Exhibits A and B, respectively.

28        2. Plaintiff alleges, on or about October 23, 2023, it entrusted Defendants with

HB: 4866-8286-2836.1

1  the delivery of merchandise, 22 pallets of "Monster Blue", an energy drink (the

2  "Goods"). Plaintiff alleges the Goods were damaged during interstate transport from

3  San Bernardino, CA to Milwaukee, WI triggering application of the Carmack

4  Amendment pursuant to 49 U.S.C. § 14706, et seq.

5      3. Specifically, Plaintiff alleges that during transport the goods were taken off

6  the original carrier's truck, due to a breakdown, and transferred to another truck

7  "whereupon arrival to its destination it was found that the pallets …had been delivered

8  in a condition that the merchandise was not viable and completely destroyed."

9  (Exhibit B, p. 4; p. 5, ¶ BC-1.)

10     4. Attached as Exhibit C is a true and correct copy of the Bill of Lading, which

11  is the interstate shipping contract for transporting the Goods. The Bill of Lading

12  identifies the shipper's origin as San Bernardino, CA, and the consignee's destination

13  as Milwaukee, WI. (*Id*.)

14     5. Plaintiff seeks relief via two state law causes of action, including general

15  negligence and breach of contract. (*See* Exhibit B.)

16     6. The Carmack Amendment, 49 U.S.C. § 14706, completely preempts

17  Plaintiff's state and common law claims for gross negligence and negligence.

18  "Congress intended for the Carmack Amendment to provide the exclusive cause of

19  action for loss or damage to goods arising from the interstate transportation of those

20  goods by a common carrier. Accordingly, we hold that the complete preemption

21  doctrine applies. Because the Carmack Amendment provides the exclusive cause of

22  action for such claims, we find that [Plaintiff's] claims only arise[] under federal law

23  and could, therefore, be removed under § 1441." *Hoskins v. Bekins Van Lines*, 343

24  F.3d 769, 778 (5th Cir. 2003) (emphasis added); *Project Hope v. M/V Ibn Sina*, 250

25  F.3d 67, 74 n.6 (2d Cir. 2001) (Carmack preempts state and common law claims

26  against a carrier for loss or damage to goods) (emphasis added); see also *See Hall v.*

27  *N. Am. Van Lines, Inc.*, 476 F.3d 683, 688–89 (9th Cir.2007) (holding that the

28  Carmack Amendment is the "exclusive cause of action" against a carrier of interstate

HB: 4866-8286-2836.1

goods, and this extends to "all manner of harms" arising from loss or damage to the shipment.); *Shao v. Link Cargo*, 986 F.2d 700, 704-05 (4th Cir. 1993); *Underwriters at Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1120-21 (10th Cir. 1989).

7. Plaintiff's failure to expressly plead a Carmack Amendment claim does not affect this Court's original jurisdiction over the Action. Specifically, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 2063 (2003). Since Plaintiff's state law claims for loss or damage to an interstate shipment are preempted by the Carmack Amendment, Plaintiff's claims are based on federal law and qualify as a federal question on their face.

8. Title 28 U.S.C. 1337(a) grants original jurisdiction only to Carmack cases exceeding $10,000 in controversy. Thus, Carmack cases are not removable "unless the matter in controversy exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1445(b). Plaintiff claims at least $44,660.00 in damages. (Exhibit B, p. 5, ¶ BC-4.) Therefore, it is apparent from the face of the complaint that Plaintiff's claim for damages exceeds the minimum jurisdictional value of $10,000, as required by 28 U.S.C. §§ 1337(a) and 1445(b).

9. Removal of the above-entitled action to this Court is therefore permissible under 28 U.S.C. §§ 1337(a), 1441, and 1445(b) in that it is a civil action to recover damages for the alleged delay, loss, or injury of shipments arising under the Interstate Commerce Act, which is completely preempted by federal law, and the amount-in-controversy exceeds the sum of $10,000.00, exclusive of interest and costs.

10. Defendant disputes Plaintiff's allegations and denies that Plaintiff is entitled to judgment against it.

11. Defendant voluntarily appears in this action for purposes of removal, but reserves all objections, arguments, and defenses to Plaintiff's complaint. Thus, this notice of removal is filed subject to and with reservation of rights by Defendant

HB: 4866-8286-2836.1

1   including, but not limited to, defenses and objections to venue, improper service of

2   process, personal jurisdiction, and any other defenses Defendant might pursue. A

3   responsive pleading or motion will be filed in accordance with Fed. R. Civ. P. 81.

4      12. The liability of a motor carrier, such as Defendant as alleged in the Action,

5   for reported loss or damage to an interstate shipment of property or goods is

6   exclusively governed by the Carmack Amendment to the Interstate Commerce Act.

7   49 U.S.C. § 14706.

8      **B.    The Removal Notice is Timely**

9      13. Defendant's first receipt of the Summons and Complaint was through

10   service on Defendant on October 8, 2024.

11      14. This notice of removal is timely because, pursuant to 28 U.S.C. § 1446(b),

12   Defendants have until November 7, 2024, to file this petition.

13      **C.    All Other Prerequisites for Removal Have Been Satisfied**

14      15. This removal notice is filed in the United States District Court for the

15   Central District of California because the Action is pending in the San Bernardino

16   County Superior Court.

17      16. Defendant has sought no similar relief with respect to this matter.

18      17. Written notice of the filing of this Notice of Removal will be given to the

19   adverse parties as required by 28 U.S.C. § 1446(d).

20      18. As of the date of this filing, no other party has appeared in this matter and

21   therefore, Defendant is unable to obtain the consent of any other Defendants.

22      19. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the following

23   process, pleadings, and orders served upon or by Defendant VKA Express, Inc. in

24   the Action, are attached hereto as Exhibits A through G.

25         A.    Summons

26         B.    Complaint

27         C.    Bill of Lading

28         D.    Civil Cover Sheet

4

1      E.      Certificate of Assignment

2      F.      Notice of Trial Setting Conference

3      G.      ADR Packet

4          20. In removing the Action to this Court, Defendant does not admit any

5  allegations and does not waive any defenses it may have to Plaintiff's claims.

6  DATED:  November 7, 2024

7                                          **HUSCH BLACKWELL LLP**

8

9

10                              By:      */s/ Andrew B. Kleiner*
                                         ANDREW B. KLEINER
11                                       *Attorneys for Defendant VKA Express,*
12                                       *Inc..*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

HB: 4866-8286-2836.1

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on November 7, 2024, I electronically transmitted the

3  attached document to the Clerk's Office using the CM/ECF System for filing and

4  transmittal of a Notice of Electronic Filing and transmitted the same via E-mail to the

5  following CM/ECF registrants:

6
       David K. Garrett
7      Law Offices of Blomberg, Benson & Garrett, Inc.
8      10300 Fourth St. #150,
       Rancho Cucamonga, CA 91730
9      sally@lawbbg.com
10     909-945-5000

11     *Attorneys for Rady Salameh dba Salameh Family Wholesale*

12

13

14                      */s/Marcy McAlister*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

HB: 4866-8286-2836.1